United States District Court
Southern District of Texas
ENTERED
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE TRINIDAD RUBIO, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00130 |
| | § | |
| JOHN D WINKELMANN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On June 10, 2026, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiffs Jose T. Rubio, Sr. ("Senior") and Jose T. Rubio, Jr.'s ("Junior's") case. D.E. 26. Plaintiffs were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). They timely filed objections on June 24, 2026. D.E. 30.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those

portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**DISCUSSION**

**A. Plaintiffs' Objections**

**False Claims Act.** The Magistrate Judge's recommendation to dismiss Plaintiffs' False Claims Act (FCA) claim is based on Plaintiffs' failure to comply with procedural requirements for such cases and because they cannot prosecute such a claim on a pro se basis. D.E. 26, p. 17. Plaintiffs do not identify any error in either of those reasons for dismissal. The objection is thus **OVERRULED**.

**First Amendment.** Plaintiffs object to the dismissal of their claims, stating that their forensic investigative auditing, independent freedom of information disclosures, and public dissemination of database manipulations constitute protected activity under Article I of the United States Constitution (The First Amendment)." D.E. 30, p. 3. They contend that the First Amendment "guarantees citizens the fundamental right to engage in investigative journalism and to petition the Government for a redress of grievances." *Id.*, pp. 3-4. Plaintiffs further state that defendants engaged in retaliatory conduct representing "an unconstitutional chilling effect designed to suppress public exposure and obstruct access to Article III courts." *Id.*, p. 4. And "[s]tatutory immunities cannot shield state officials from federal equity when their operations actively criminalize a citizen's First Amendment

right to uncover and petition against structural public fraud." *Id.* To the extent that Plaintiffs' objection is that their claims are somehow protected by the First Amendment and should be allowed to proceed, the objection is **OVERRULED**.

**Liberal Construction of Pro Se Filings.** Plaintiffs object that the Magistrate Judge failed to apply the proper standard for pro se pleadings. D.E. 30, pp. 4-5. They contend that the Magistrate Judge did not examine "physical evidence" as a part of their complaint and that he mischaracterized the "substantive record." *Id.* at p. 5. They do not specify any particular document that was overlooked or evidence that was not given effect. The Magistrate Judge correctly recited and applied the liberal pleading standard applicable to pro se complaints. D.E. 26, p. 11. The objection is **OVERRULED**.

**Felipa's Claims.** Plaintiffs object to the Magistrate Judge's conclusion that Junior cannot assert claims on behalf of Felipa Rubio as her "next friend." D.E. 30, pp. 5-8. The Magistrate Judge correctly concluded that while a party may file a federal suit pro se, a non-attorney pro se party may only represent himself. D.E. 26, pp. 11-12 (citing *Rice v. City of Fort Worth, Tex.*, No. 4:26-CV-00052, 2026 WL 1216762, at *3 (S.D. Tex. Mar. 25, 2026), *recommendation adopted*, No. 4:26-CV-00052, 2026 WL 1215663 (S.D. Tex. May 4, 2026); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)).

Plaintiffs argue that the appropriate procedural remedy for Felipa's claims is to "grant a 60-day conditional stay and abeyance to allow Plaintiffs to substitute a licensed member of the Southern District bar to sign the operational tracks." D.E. 30, pp. 7-8. The Magistrate Judge recommended dismissal without prejudice as to the claims brought on

Felipa's behalf. D.E. 26, p. 11. The Court declines to grant the requested conditional stay, and the objection is **OVERRULED**.

**RICO Claim Predicates.** The Magistrate Judge dismissed Plaintiffs' RICO claim because Plaintiffs (1) failed to plausibly allege "racketeering activity," (2) failed to plausibly allege the existence of an "enterprise" among the widely scattered Defendants, and (3) failed to plausibly allege a RICO "conspiracy." D.E. 26, pp. 12-16. Plaintiffs object that the Magistrate Judge erred in finding that Plaintiffs' allegations represent only "state-law procedural errors." D.E. 30, p. 10. They re-allege that many state court documents and proceedings were corrupt and "void ab initio." *Id.* at 8-9. Plaintiffs then present several alleged schemes labeled "The Data Manipulation Enterprise" which appear to relate to Felipa's case and Junior's CPS case. *Id.* at 10-14. They now assert that these schemes constitute mail, wire, and honest services fraud, as well as a money laundering conspiracy. *Id.* at 13. The Court finds no error in the Magistrate Judge's recommendation to dismiss the RICO claim as stated in the complaint. The objection regarding the RICO claim is thus **OVERRULED**.

**State Court Jurisdiction.** Plaintiffs object that "the Magistrate Judge committed a fatal error of law by failing to recognize that a total absence of initial or continuing subject-matter jurisdiction is a structural defect that can never be cured, waived, or ignored during initial screening." D.E. 30, p. 15. Referencing Felipa's state community supervision, Plaintiffs argue that because Felipa's term of supervision had expired in 2019, "any subsequent enforcement action, warrantless seizure, or identity conversion represents an

ultra vires exercise of simulated authority that is void ab initio." *Id*. Plaintiffs claim that the Magistrate Judge's failure to evaluate this "absolute temporal expiration" constitutes a Fourteenth Amendment Due Process violation. *Id.* Because Plaintiffs cannot bring claims on behalf of Felipa, as previously addressed, the objection is **OVERRULED**.

***Heck v. Humphrey*.** Plaintiffs object to the Magistrate Judge "recommending the absolute dismissal of Plaintiffs' claims for monetary and emergency relief, misapplying *Heck v. Humphrey* and dismissing the state-created danger metrics." D.E. 30, pp. 17-18. The Magistrate Judge did not dismiss any claims based on *Heck*. Therefore, the objection is **OVERRULED**.

**B. Leave to Amend**

The Magistrate Judge recommended that the Court deny leave to amend the False Claims Act and peonage claims because amendment would be futile. D.E. 26, p. 20. Regarding the RICO claim, the Magistrate Judge stated that Plaintiffs had 14 days to explain to the district court how the deficiencies could be cured. *Id.*, p. 21.

Plaintiffs now allege mail fraud, wire fraud, and money laundering under RICO. D.E. 30, pp. 10-14. Although they may now allege offenses that constitute predicate acts under RICO, the allegations are still deficient regarding the existence of an "enterprise" or "conspiracy". Accordingly, the Court **DENIES** Plaintiffs leave to amend their RICO claim.

**CONCLUSION**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiffs' objections and all other relevant

documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 26). Accordingly, the Court orders the following:

- The claims brought on behalf of Felipa Rubio are **DISMISSED WITHOUT PREJUDICE**.
    - Junior's motion to proceed *in forma pauperis* on behalf of Felipa (D.E. 9) is **DENIED** as moot.
- Plaintiffs' federal claims (RICO, the False Claims Act, peonage) are **DISMISSED WITH PREJUDICE** for failure to state a claim.
- Plaintiffs' state law claims, if any, are **DISMISSED WITHOUT PREJUDICE**.
- Leave to amend claims is **DENIED**.

**ORDERED** on August 3, 2026.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE